﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190301-2836
DATE: September 26, 2019

ORDER

Entitlement to service connection for kidney cancer is denied.

Entitlement to service connection for a right hip or thigh disability is denied.

Entitlement to service connection for a right gluteal muscle disability is denied.

Entitlement to service connection for a sciatic nerve disability, right lower extremity, is denied.

Service connection for rhabdomyolysis with myonecrosis of the left paraspinal, left psoas, and left iliacus musculature (claimed as left hip or thigh condition), is granted.

Service connection for left sciatic neuropathy status post rhabdomyolysis (claimed as sciatic nerve injury) is granted.

Service connection for rhabdomyolysis with myonecrosis of the left gluteal musculature (claimed as left gluteal muscle loss) is granted.

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran's kidney cancer began during active service or is otherwise related to an in-service injury or disease, to include environmental exposure in Southwest Asia.

2. The preponderance of the evidence of record is against finding that the Veteran has had any right hip or thigh disability at any time during or approximate to the pendency of the claim.

3. The preponderance of the evidence of record is against finding that the Veteran has had any right gluteal muscle disability at any time during or approximate to the pendency of the claim.

4. The preponderance of the evidence of record is against finding that the Veteran has had any sciatic nerve disability of the right lower extremity at any time during or approximate to the pendency of the claim.

5. The Veteran’s left sciatic neuropathy and myonecrosis of the left paraspinal, left psoas, left iliacus, and left gluteal musculature status post rhabdomyolysis are the result of his January 2017 right partial nephrectomy performed at Madison VA Medical Center and his condition is an event not reasonably foreseeable by a reasonable healthcare provider.

6. Prior to this decision, service connection was not in effect for any disabilities. As there are no ratings in effect at the time of this decision, TDIU is denied. 

CONCLUSIONS OF LAW

1. The criteria for service connection for kidney cancer have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for service connection for any right hip or thigh disability (claimed as thigh muscle) have not been met. 38 U.S.C. §§ 1110, 1131, 1151, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.361.

3. The criteria for service connection for right gluteal muscle disability (claimed as right gluteal muscle loss) have not been met. 38 U.S.C. §§ 1110, 1131, 1151, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.361.

4. The criteria for service connection for a sciatic nerve disability, right lower extremity, have not been met. 38 U.S.C. §§ 1110, 1131, 1151, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.361.

5. The criteria for entitlement to compensation under 38 U.S.C. § 1151 for rhabdomyolysis with myonecrosis of the left paraspinal, left psoas, and left iliacus musculature (claimed as left hip or thigh condition), due to a right partial nephrectomy have been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. § 3.361.

6. The criteria for entitlement to compensation under 38 U.S.C. § 1151 for left sciatic neuropathy status post rhabdomyolysis (claimed as sciatic nerve injury) due to a right partial nephrectomy have been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. § 3.361.

7. The criteria for entitlement to compensation under 38 U.S.C. § 1151 for rhabdomyolysis with myonecrosis of the left gluteal musculature (claimed as gluteal muscle loss) due to a right partial nephrectomy have been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. § 3.361.

8. Entitlement to TDU is denied. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.25, 4.26.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued June 2018. In January 2019, the Veteran elected the modernized review system. The Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the February 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form, as well as evidence submitted within thirty days from the date of the Veteran's election. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In general, service connection requires competent and credible evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

1. Entitlement to service connection for kidney cancer is denied. 

The Veteran is seeking entitlement to service connection for kidney cancer, which he contends was caused by environmental exposures in Southwest Asia during the Persian Gulf War, such as burn pits.

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a history of right renal cell carcinoma, status post partial nephrectomy, and served in Kuwait in 1991, the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of kidney cancer began during service or is otherwise related to an in-service injury, event, or disease. 

The Veteran's service treatment records are negative for any diagnosis of kidney cancer, and VA treatment records show the Veteran was not diagnosed with kidney cancer until 2016, decades after his separation from service. 

Further, a May 2018 VA medical opinion concluded that the Veteran’s kidney cancer is not at least as likely as not related to an in-service injury, event, or disease, including environmental exposures in Southwest Asia. The examiner noted that although the Veteran's exposures occurred in 1991, his renal cancer did not develop until approximately twenty-five years later. He further noted that hypertension and obesity are established risk factors for kidney cancer and the Veteran had these conditions prior to his diagnosis. Finally, while he conceded that causes of kidney cancer are not fully understood, he noted that at present, there is no established relationship between any cancers and exposures in Southwest Asia during military service. The examiner’s opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). The Veteran has not submitted any medical evidence that contradicts the conclusions of the May 2018 VA medical opinion. 

While the Veteran contends that kidney cancer is related to his in-service exposures in Southwest Asia, he has not demonstrated that he has any knowledge or training in determining the etiology of such conditions. This connection or etiology is not amenable to observation alone. Rather it is common knowledge that such relationships are the subject of extensive research by scientific and medical professionals. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). Hence, the Veteran’s opinion of the etiology of his current disability is not competent evidence and is entitled to low probative weight. Consequently, the Board gives more probative weight to the May 2018 VA medical opinion.

Furthermore, while the Board notes that for veterans who served in the Southwest Asia theater of operations during the Persian Gulf War, service connection may be established on a presumptive basis for chronic disability that cannot be attributed to a known clinical diagnosis (undiagnosed illness) or for a medically unexplained multi-symptom illness (e.g., chronic fatigue syndrome, fibromyalgia, or irritable bowel syndrome), the Veteran's kidney cancer has a known clinical diagnosis and is not a medically unexplained multi-symptom illness. See 38 U.S.C. § 1117; 38 C.F.R. § 3.317. Accordingly, service connection for kidney cancer under the provisions of 38 C.F.R. § 3.317 is not warranted.

In conclusion, as the Veteran's kidney cancer did not have onset in service and the preponderance of the evidence weighs against a finding that the Veteran's condition was cause by or related to service, to include exposures in Southwest Asia, entitlement to service connection for kidney cancer must be denied. The evidence in this case is not so evenly balanced so as to allow application of the benefit-of- the-doubt rule. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

1151 Claims

Under 38 U.S.C. § 1151, disability compensation shall be awarded for a “qualifying additional disability” in the same manner as if the additional disability were service connected. The additional disability qualifies for compensation if the disability is not the result of the veteran’s willful misconduct and the disability was caused by hospital care, medical or surgical treatment, or examination provided under the laws administered by VA. In order to constitute a qualifying additional disability, the proximate cause of the additional disability must have been (1) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the facility furnishing the care, treatment, or examination, or (2) an event not reasonably foreseeable. 38 C.F.R. § 3.361(a).

To establish that carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on VA’s part in furnishing medical treatment proximately caused a veteran’s additional disability, it must be shown that the medical treatment caused the additional disability, and that VA failed to exercise the degree of care that would be expected of a reasonable health care provider; or that VA furnished the medical treatment without the veteran’s informed consent. 38 C.F.R. § 3.361 (d).

Whether the proximate cause of a veteran’s additional disability or death was an event not reasonably foreseeable is in each claim to be determined based on what a reasonable health care provider would have foreseen. The event need not be completely unforeseeable or unimaginable, but must be one that a reasonable health care provider would not have considered to be an ordinary risk of the treatment provided. In determining whether an event was reasonably foreseeable, VA will consider whether the risk of that event was the type of risk that a reasonable health care provider would have disclosed in connection with the informed consent procedures of 38 C.F.R. § 17.32 of this chapter. 38 C.F.R. § 3.361 (d)(2).

2. Entitlement to service connection for any right hip or thigh disability (claimed as thigh muscle) is denied.

3. The claim for service connection for right gluteal muscle disability is denied.

4. Entitlement to service connection for sciatic nerve damage, right lower extremity, is denied.

The Veteran is seeking entitlement to service connection for a right hip or thigh disability, a right gluteal muscle disability, and a right sciatic nerve disability. Although the Veteran has not elaborated on how he believes these conditions are related to service, it appears that he is arguing that service connection should be granted pursuant to 38 U.S.C. § 1151. Specifically, he appears to contend that VA was negligent in performing a right partial nephrectomy in January 2017 at the VA Medical Center in Madison, Wisconsin, and that he suffered injuries to muscles in the right hip, thigh, and gluteal area, as well as nerve damage affecting the right lower extremity.

However, before compensation under § 1151 can be granted, a veteran must, as an initial matter, establish that he has a “qualifying additional disability.” See 38 U.S.C. § 1151; 38 C.F.R. § 3.361. 

The Board concludes that the Veteran does not have a currently diagnosed right hip or thigh disability, a right gluteal muscle disability, or a sciatic nerve disability of the right lower extremity, and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

In reaching this conclusion, the Board has considered Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018), in which the Federal Circuit held that “pain alone, without an accompanying diagnosis of a present disease, can qualify as a disability” if it “reaches the level of a functional impairment of earning capacity.” Id. at 1367-69. Here, however, there is no evidence of record that the Veteran suffers from functional impairment of the right lower extremity that reaches the level of functional impairment of earning capacity. 

In February 2018, the Veteran was afforded an extensive series of VA examinations of the lumbar spine, hip, muscles, and peripheral nerves. The Veteran was diagnosed with myonecrosis of the left paraspinal, left psoas, left iliacus, and left gluteal musculature and left sciatic neuropathy, but was not diagnosed with any disability of the right hip or thigh, right gluteal muscle, or right sciatic nerve. Extensive VA outpatient treatment records were also reviewed and were negative for any diagnosed disability of the right hip or thigh, right gluteal muscle, or right sciatic nerve. The record was also negative for evidence of any significant functional impairment of the right pelvic girdle or lower extremity. 

Entitlement to service connection for 1) a right hip or thigh disability, 2) a right gluteal muscle disability, and 3) a sciatic nerve disability of the right lower extremity must be denied as the preponderance of the evidence weighs against a finding of current disability. The evidence in this case is not so evenly balanced so as to allow application of the benefit-of- the-doubt rule. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

5. Service connection for rhabdomyolysis with myonecrosis of the left paraspinal, left psoas, and left iliacus musculature (claimed as left hip or thigh condition), is granted.

6. Service connection for left sciatic neuropathy status post rhabdomyolysis (claimed as sciatic nerve injury) is granted.

7. Service connection for rhabdomyolysis with myonecrosis of the left gluteal musculature (claimed as left gluteal muscle loss) is granted.

The Veteran is seeking entitlement to service connection for a left hip or thigh disability, a left gluteal muscle disability, and a left sciatic nerve injury, which he attributes to a right partial nephrectomy performed at the VA Medical Center in Madison, Wisconsin in January 2017. The Veteran contends that VA was negligent in performing the surgery and providing post-operative care, leading to rhabdomyolysis which in turn caused myonecrosis of the left paraspinal, left psoas, left iliacus, and left gluteal musculature, as well as left sciatic neuropathy.

The issue before the Board is whether the Veteran’s myonecrosis of the left paraspinal, left psoas, left iliacus, and left gluteal musculature, as well as left sciatic neuropathy are the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by the VA surgical team performing the January 2017 nephrectomy and whether the development of these additional disabilities was the result of an event that was reasonably foreseeable.

The Board concludes that the criteria for entitlement to compensation under 38 U.S.C. § 1151 for rhabdomyolysis with myonecrosis of the left paraspinal, left psoas, left iliacus, and left gluteal musculature, as well as left sciatic neuropathy, due to the January 2017 right partial nephrectomy have been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. § 3.361.

As noted above, in January 2017, the Veteran underwent a right partial nephrectomy to treat renal cell carcinoma of the right kidney at the Madison VA Medical Center. The record reflects that the Veteran provided informed consent for his nephrectomy. Post-surgery, the Veteran developed rhabdomyolysis which caused damage to muscles and nerves in the left pelvic girdle and left lower extremity. During VA examinations in February 2018, he was diagnosed with myonecrosis of the left paraspinal, left psoas, left iliacus, and left gluteal musculature, as well as left sciatic neuropathy, status post rhabdomyolysis. He is seeking compensation for these disabilities, alleging that it is the result of VA’s negligence in performing the nephrectomy and providing post-operative care.

Here, the Veteran clearly has a “qualifying additional disability” that is not the result of his willful misconduct and that was caused by hospital care, medical or surgical treatment, or examination provided under the laws administered by VA. 

At issue is whether the proximate cause of these additional disabilities was (1) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the facility furnishing the care, treatment, or examination, or (2) an event not reasonably foreseeable. 38 C.F.R. § 3.361 (a).

In February 2018, a VA examiner concluded that there was no error on the part of the Veteran’s treatment providers or the VA medical center and noted that rhabdomyolysis is a known complication of nephrectomy, albeit a rare one. However, the examiner also concluded that this complication is so rare, and in the Veteran’s case, so severe and debilitating, that a reasonable health care provider would not have foreseen its occurrence and it should be considered an event not reasonably foreseeable. 

Under 38 U.S.C. § 1151, whether the proximate cause of a veteran’s additional disability or death was an event not reasonably foreseeable is determined on a case by case basis, based on what a reasonable health care provider would have foreseen. The event need not be completely unforeseeable or unimaginable, but must be one that a reasonable health care provider would not have considered to be an ordinary risk of the treatment provided. 38 C.F.R. § 3.361 (d)(2). Based on the opinion of the February 2018 VA examiner, the Board finds that the Veteran's rhabdomyolysis and subsequent left sciatic neuropathy and myonecrosis of the left paraspinal, left psoas, left iliacus, and left gluteal musculature was so rare and severe that a reasonable health care provider would not have considered it to be an ordinary risk of the treatment provided. Accordingly, the Board finds that the criteria for entitlement to compensation under 38 U.S.C. § 1151 for rhabdomyolysis with 1) myonecrosis of the left paraspinal, left psoas, and left iliacus musculature (claimed as left hip or thigh condition), 2) left sciatic neuropathy, and 3) myonecrosis of the left gluteal musculature (claimed as gluteal muscle loss) due to a right partial nephrectomy have been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. § 3.361.

8. TDIU

Total disability ratings for compensation based on individual unemployability may be assigned when the combined schedular rating for the service-connected disabilities is less than 100 percent and when it is found that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age, provided that, if there is only one such disability, this disability is ratable at 60percent or more, or, if there are two or more disabilities, there is at least one disability ratable at 40 percent or more and additional disabilities to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). Extraschedular consideration is provided under 38 C.F.R. § 4.16(b). 

Considered under the AMA, the Board must determine whether there was error in the prior decision. At the time of the underlying decision, service connection was not in effect for any disabilities. On this basis, the Board denies entitlement to TDIU based on the record that existed at the time of the AMA decision under review. 

 

After the AOJ assigns initial ratings to the disabilities granted service connection in this decision, the Veteran is encouraged to file a Supplemental Claim for TDIU within one year of the decision, preserving the effective date.

 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. D. Anderson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.